IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RICHARD W. BERRY ) | |
|     PLAINTIFF ) | |
| ) | |
| VS. ) | CASE NO.: |
| ) | |
| CITIBANK, NA ) | 4:16-cv-532 |
| Serve at: ) | |
| Citibank South Dakota, NA ) | |
| 701 E. 60th Street N ) | |
| Sioux Falls, SD 57104 ) | |
|     DEFENDANT ) | |

## COMPLAINT

1.  The Telephone Consumer Protection Act, 47 U.S.C. §227(b) ("TCPA"), restricts the use of automated equipment and prerecorded voice messages to dial cellular telephones. Calls to cell phones using predictive dialing equipment are prohibited unless the caller or creditor has the "prior express consent" of the called party to make the automated calls.

2.  At some point on or before January 27, 2016, defendant Citibank N.A. (hereinafter referred to as "Citi") began attempts to collect on a debt plaintiff owed on a Citibank/Staples account by placing calls to plaintiff's cellular phone using either an automatic dialer or predictive dialer. Defendant left multiple automated voice messages on plaintiff's cell phone voice mail system.

3.  Plaintiff revoked any prior express consent by calling the specific phone number designated by Citi on February 8, 2016 and again on March 2, 2016 and advising the Citi representative that he did not want to receive calls on his cell phone.  His cell phone number is (314) xxx-7374.

4.  Subsequent to both February 8, 2016 and March 2, 2016, Citi and its representatives continued to place calls to plaintiff's cellular phone using either an automatic dialer or predictive dialer and in the process, leaving pre-recorded automated messages on plaintiff's cell phone voice

mail system.

5. The TCPA was designed to prevent calls like these, and to protect the privacy of citizens like plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

6. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

7. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

8. Defendant called plaintiff numerous times on his cellular telephone using predictive dialing equipment, even after plaintiff had revoked any prior express consent for those calls.

## VENUE AND JURISDICTION

9. This Court has jurisdiction of this claim pursuant to 42 U.S.C. § 227.

10. Venue and personal jurisdiction in this District are proper because Defendant's collection communications were received by plaintiff within the Eastern District of Missouri and

defendant transacts business here.

**PARTIES AND PERSONAL JURISDICTION**

11.  Plaintiff Richard Berry is a natural person, a citizen of the State of Missouri and residing in the County of St. Louis, State of Missouri.

12.  Defendant Citibank, NA ("Citi") is believed to be a national banking association operating from an address located at 701 E 60th Street N, Sioux Falls, South Dakota, and doing business in the State of Missouri.  Citi solicits, advertises to and provides credit cards and financing to consumers residing in Missouri.

**FACTS**

13.  Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C § 153 (39).

14.  Defendant is, and at all relevant times, was a "person" as defined by 47 U.S.C § 153 (39).

15.  Plaintiff has had a cellular telephone with the same assigned phone number for years. Only he has only used this number as a cellular telephone number, and does not believe that it was ever ported from a wireline service.

16.  At all relevant times, this cellular phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

17.  Plaintiff applied for a Staple's credit card with Defendant sometime prior to January 27, 2016, and was issued a credit card by Staples Credit card by Citi sometime prior to January 27, 20169.

18.  The application form which Plaintiff completed required plaintiff to provide a "house" phone number. Inasmuch as he had no house phone at the time, plaintiff provided his cellular phone number in the application.

19.  Beginning in late 2014, plaintiff changed employment from being a police officer to run-

ning a small home remodeling and repair business.  As a result plaintiff spouse saw a significant short term decrease in his monthly income which prevented plaintiff from being able to continue making the required payments on the Staples/Citibank account.

20. On or about January 27, 2016 plaintiff began receiving multiple daily calls and receiving multiple daily voice messages on his cell phone from representatives of Citi.  The voice messages requested return calls from plaintiff and provided a call in number of (866) 609-8298.

21. On February 8, 2016, plaintiff called Citi on the provided call back number of (866) 609-8298.  During the conversation, plaintiff advised the Citi representative that he did not want to be contacted by Citi on his cell phone number of (314) xxx-7374 and that Citi no longer had his consent to place those calls to his cell phone or to leave those automated messages on his voice mail.

22. Despite the fact that plaintiff revoked his consent to be contacted on his personal cell phone by virtue of his phone conversation with the Citi representative on February 8, 2016, plaintiff continued to received multiple daily calls to his cell phone and automated messages on his cell phone voice mail system.

23. Given the fact that the barrage of daily phone calls and messages continued even after consent had been revoke, plaintiff experienced increasing levels of frustration and anxiety.

24. On March 2, 2016, plaintiff again contacted called Citi on the provided call back number of (866) 609-8298.  During the conversation, plaintiff again advised the Citi representative that he did not want to be contacted by Citi on his cell phone number of (314) xxx-7374 and that Citi no longer had his consent to place those calls to his cell phone or to leave automated messages on his voice mail.

25. Despite the fact that plaintiff had revoked any prior consent which may have existed to contact him on his cell phone through an automatic or predictive dialer by virtue of his direct conversations with representatives of Citi on both February 8, 2016 and March 2, 2016, Citi and its representa-

tives continued to harass plaintiff by placing dozens of calls to his cellular phone over the next several weeks.

### COUNT I – TCPA

26. Plaintiff incorporates all previous paragraphs.

27. After plaintiff revoked his consent on February 8, 2016 and March 2, 2016, Defendant Citi called Plaintiff's cell phone number an unknown number of times.

28. The industry standard for collection calls is to use automated dialers. Therefore, it is believed, and averred, that the calls made to plaintiff's cell phone were made using either an automatic telephone dialing system or a predictive dialing system, as that term is defined in 47 U.S.C. § 227(a)(1).

29. These telephone calls were not made for "emergency purposes", as defined in 47 C.F.R. § 64.1200.

30. The telephone calls made after February 8, 2016 were not made with the plaintiff's prior express consent.

31. The FCC has previously discussed the terms willfully and knowingly with respect to the Act in an informal staff opinion.

32. In the informal opinion, the FCC has stated that "the term 'willful' has been interpreted to mean simply that 'the acts or omissions are committed knowingly. It is not pertinent whether or not the [. . . ] acts or omissions are intended to violate the law." In addition, the FCC stated that the term "knowingly" is equivalent to "willful."

33. Plaintiff clearly and unequivocally revoked any prior express consent by virtue of his phone conversations with Citi representatives on February 8, 2016 and March 2, 2016, yet Citi and its representatives continued to attempt to contact him on his cell phone using an automatic dialer

or predictive dialer multiple times daily over the next several weeks.

34.     As Defendant intended to place these post February 8, 2016 and its post March 2, 2016 calls to plaintiff's cell phone when it knew or should have known that plaintiff had revoked any prior express consent, she is entitled to increased damages, as these calls were made willfully and/or knowingly.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

    A.    Statutory damages;

    B.    An injunction against further violations;

    C.    A declaration that defendant's equipment and messages are regulated by the TCPA;

    D.    Costs of suit;

    E.    Reasonable attorney's fees;

    F.    Such other or further relief as the Court deems just and proper.

### HEALEY LAW, LLC

/s/ Robert T. Healey
Robert T. Healey     No. 34138MO
Attorney at Law
640 Cepi Drive, Suite A
Chesterfield, MO 63005
Telephone:    (314) 401-3261
Fax:          (636) 590-2882
Email:        bob@healeylawllc.com